# Exhibit "A"

CASE NO. 1108359D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS | § § | DISTRICT COURT ONE OF |
| ERICK DANIEL DAVILA | § § | TARRANT COUNTY, TEXAS |

## CAPITAL JUDGMENT

On January 15, 2009 the above referenced cause was called for trial and the State by her Assistant Criminal District Attorneys, ROBERT K. GILL and TIFFANY BURKS, and the attorneys for the Defendant, ROBERT FORD and JOETTA KEENE, announced ready for trial; and the State having made known that it would seek the Death Penalty in this cause and the Defendant having been heretofore arraigned; and it appearing to the Court that the Defendant was mentally competent and the Defendant having been charged in the indictment with Capital Murder; thereupon, a Jury of good and lawful men and women, to-wit: the Foreman and eleven others, was duly selected, impaneled and sworn as the law directs, and the said Criminal District Attorney read to the Jury, Count One of the indictment herein, and the Defendant entered his plea of Not Guilty to Count One, of the indictment, hereto; and the Jury, after hearing the evidence, and being duly charged by the Court, retired to consider its verdict, and after deliberation, returned into open Court on the 19th day of FEBRUARY, 2009, the following verdict, to-wit:

### VERDICT FORM

We the Jury, find the Defendant, ERICK DANIEL DAVILA, guilty of the offense of capital murder, as charged in the indictment.

Signed: *Foreman Of The Jury*

The parties announced ready for the sentencing phase of the trial, and the Jury, having heard all the evidence, and being duly charged by the Court, retired to consider its verdict, and after due deliberation, returned into open court, on the 27th day of FEBRUARY, 2009, their answers to the following Special Issues as their verdict:

### SPECIAL ISSUE NO. 1

Do you find from the evidence beyond a reasonable doubt that there is a probability that the Defendant would commit criminal acts of violence that would constitute a continuing threat to society?

In your verdict you will answer "Yes" or "No"

Answer: __YES__

1947

SPECIAL ISSUE NO. 2

Taking into consideration all of the evidence, including the circumstances of the offense, the Defendant's character and background, and the personal moral culpability of the Defendant, do you find that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?

In your verdict you will answer "Yes" or "No"

Answer:   NO

**VERDICT FORM**

We, the Jury, having agreed upon the answers to the foregoing issues, return the same into court as our verdict.

Signed: _Foreman Of The Jury_

After an individual poll of the Jurors, the Court duly accepted the verdicts and ORDERED the same to be filed.

The Jury having answered Special Issue One "YES" and Special Issue Two, "NO", it being mandatory that the punishment be death, the Court assessed the punishment at Death.

The Defendant, ERICK DANIEL DAVILA, was asked by the Court, whether he had anything to say why sentence should not be pronounced against him, and the Defendant answered nothing in bar thereof.

The Court proceeded, in the presence of the said Defendant ERICK DANIEL DAVILA, and his counsel of record, to pronounce sentence against him as follows:

Mr. Davila. You are Erick Daniel Davila. The jury having found you guilty of the capital murder of Queshawn Stevenson and of Annette Stevenson, and having returned unanimous verdicts to issues numbers one and two the Court sentences you to death by lethal injection. It is therefore the ORDER, JUDGMENT and DECREE of this court that you be remanded to the custody of the sheriff of this county to be delivered to the institutional division of the Texas Department of Criminal Justice where you will be continuously confined until 6:00 p.m. on a date to be determined when the proper authorities shall administer lethal injections to you sufficient to cause your death. Do you understand the sentence and judgment of this court?

THE DEFENDANT: Yes, ma'am.

_____
HON. SHAREN WILSON
PRESIDING JUDGE
CRIMINAL DISTRICT COURT ONE
TARRANT COUNTY, TEXAS

February 27, 2009
Date Signed

1948

CASE NO. 1108359D  COUNT ONE
INCIDENT NO./TRN: 9047477227

THE STATE OF TEXAS

v.

*ERICK DANIEL DAVILA*
ERICK D DAVILA
STATE ID NO.: TX07396550

§
§
§
§
§

IN THE CRIMINAL DISTRICT COURT
NUMBER ONE

TARRANT COUNTY, TEXAS
Date: 2-27-09



Right Thumbprint

X  *E. Choice 1510*
PERSON TAKING PRINT

JUDGMENT AND SENTENCE
FINGERPRINT PAGE

Clerk

~~Page ___ of ___~~

1949

# Appendix "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERICK DANIEL DAVILA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM STEPHENS, <br><br> Respondent. | NO. 4:13-cv-00506-O |

## AFFIDAVIT

I, Toni Knox, LCSW, declare as follows.

1.    I was appointed by the court as a Mitigation Specialist in the State Habeas matter, *Ex Parte Davila*, Trial Court Cause Number 1108359D.

2.    On August 27, 2011, I submitted a "Mitigation Assessment and Psychosocial History" which habeas counsel, David Richards, attached as Exhibit A to his writ. My report presented 1) a complete Psychosocial History, 2) a comparison with the similar history prepared by the trial Specialist, Dr. Fallis, 3) a chronological timeline, and 4) several supporting affidavits.

I was able to identify numerous witnesses who would have testified as to mitigation, both at the trial and at the writ hearing, had they been contacted by either trial counsel or habeas counsel.

3.    I testified at Davila's writ hearing, held on July 2, 2012.

1

4. David Richards did not contact me about this hearing until sometime late in June 2012 and I was concerned about my testimony. We scheduled a phone call to discuss my testimony on June 24th, which was a Sunday. When Mr. Richards and I started talking, he did not have a copy of my affidavit, so the phone call was not very meaningful. He started looking through his papers and realized that his assistant and had not given him a copy. I told him that I would email him a copy and I believe I did, but this meant he only had the time to read over the affidavit and then call me back. We really did not discuss the hearing or my affidavit in any detail. I was very anxious as I did not feel I or Mr. Richards was prepared for the hearing. It felt as though we were just "going through the motion" of showing up for the hearing. I had no expectations that anything positive would come from the hearing.

5. I met with Mr. Richards about this report exactly one (1) time before the hearing. We met on July 2, 2012 prior to the hearing   Mr. Richards and I only met for about an hour. We met in the courtroom in the attorney's conference type room and we spent very little time discussing my testimony. The Tarrant County DA came in and wanted copies of my interviews and other information. I spent time trying to get that information to them and David sent his assistant to get him some lunch. Since the DA was present in the conference room trying to get my records, we really did not have much time to discuss the hearing.

6. Both before and after this meeting, Mr. Richards was generally unfamiliar with the contents of my report.

7. To my knowledge, Mr. Richards made no effort to bring any of the people identified in the report as potential witnesses to testify at the writ hearing.

8. I was the only witness who testified at the hearing about mitigation evidence.

9. Mr. Richards' health was not good as I believe he had been in a car accident and had suffered a stroke or several strokes before the writ hearing. I know at one point he had to move his office because he was unable to manage the stairs and was using a cane.

10. It appeared to me that Mr. Richards' physical impairment affected his ability to prepare for this hearing, or to understand the underlying facts to be presented.

I declare under penalty of perjury under the laws of the state of Texas that the foregoing is true and correct.

_Toni Knox_
Toni Knox

Subscribed and sworn to before me this 1st day of April, 2014 in Dallas County, Texas.

_Sheila J. Vest_
Notary Public, State of Texas

_Sheila J. Vest_

SHEILA VEST
Notary Printed Name

3