**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **ERICK DANIEL DAVILA,** § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | **Civil Action No. 4:13-CV-506-O** |
| § | **(death-penalty case)** |
| **WILLIAM STEPHENS, Director,** § | |
| **Texas Department of Criminal Justice, Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER DENYING STAY AND ABEYANCE**

On May 19, 2014, Davila filed an "Opposed Motion to Stay and Abet" these federal habeas proceedings. *See* Motion, ECF No. 18. Davila seeks to return to state court to exhaust the claims of ineffective assistance against trial counsel ("IATC") and appellate counsel ("IAAC") discussed in Claims 2, 3, and 4 of his Amended Petition. Motion at 2, 5-6. Respondent contends a stay is not warranted because Davila fails to establish good cause to stay the IAAC claim and because the IATC claim is already exhausted. Respondent also contends the claims lack merit. *See* Answer at 58, 64, ECF No. 29.

I. Applicable law

Applicants seeking habeas-corpus relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *See* 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *Morris v. Dretke*,

413 F.3d 484, 491 (5th Cir. 2005). Such presentment can take place by direct appeal or through state habeas proceedings. *Id*. at 491.

When a habeas applicant fails to exhaust his claims in state court, the federal district court has the authority to issue a stay in limited circumstances. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay and abeyance should be granted only when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the applicant has engaged in intentionally dilatory litigation tactics. *See id*. at 278. Unexhausted claims lack merit, and abeyance would be futile, if the court to which the applicant must return for exhaustion proceedings would find the claim barred. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005).

## II. The IAAC Claim (Claim 3)

In Claim 3 of his Amended Petition, Davila asserts that appellate counsel overlooked an erroneous transferred-intent instruction that permitted the jury to convict him of capital murder if the jury found he intended the death of only one rather than two victims. He contends the jury charge issue would have resulted in a new trial had it been raised on appeal. Amended Petition at 80-90, ECF No. 17; Reply at 19, ECF No. 33.

To satisfy the "good cause" requirement for abeyance, Davis argues that both appellate counsel and state habeas counsel were ineffective and cites *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) for support. Motion at 9-10. *Carrier* addressed the "cause" required to excuse a procedural default in federal habeas court, not the "good cause" requirement for abeyance.[1] But assuming, for the sake

---

[1] Neither the Supreme Court nor the Fifth Circuit has articulated a test for good cause for abeyance. *See Baldwin v. Thaler*, No. C-10-188, 2011 WL 744742, at *6 (S.D. Tex. Jan. 27, 2011) (Ellington, Mag. J.) *adopted in part*, 2011 WL 754885 (S.D. Tex. Feb. 23, 2011) (Jack, J.); *Murphy v. Thaler*, No. 3:10-CV-163-N, 2010 WL 2381500, at *2 (N.D. Tex. June 8, 2010).

of argument, that the ineffective assistance of appellate counsel may constitute good cause necessary for abeyance under *Rhines*, Davila's argument is inapt. Davila does not raise the jury charge error as a substantive claim for federal habeas relief. His federal claim for relief is ineffective assistance of appellate counsel. It goes without saying that appellate counsel cannot be ineffective for failing to raise claims of ineffectiveness against herself. Davila appears to concede this in his Reply. Reply at 22 ("It seems impossible that a direct appeal attorney would allege himself ineffective for failing to raise a claim.").

Perhaps in recognition of this, Davila also asserts that state habeas counsel was ineffective for failing to raise the IAAC claim against appellate counsel. He cites *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) in support. Here again, however, his argument must fail. *Martinez* and *Trevino* together hold that, in Texas, the ineffective assistance of state habeas counsel will excuse a procedural bar in federal habeas court *for substantial claims of ineffective assistance of trial counsel. Trevino*, 133 S. Ct. at 1921 (citing *Martinez*, 132 S. Ct. at 1320). Davila's claim of ineffective assistance is against appellate counsel, not trial counsel. As such, his argument cannot establish good cause for abeyance. *Reed v. Stephens*, 739 F.3d 753, 778, n. 16 (5th Cir. 2012) (holding that under *Martinez*, the ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel); *see also Tabler v. Stephens*, __ F. App'x __, 2014 WL 4954294, at * 7 (5th Cir. Oct. 3, 2014) (rejecting notion that *Martinez* excuses procedural default of attorney error on direct appeal because Supreme Court was clear that the *Martinez* exception "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial review collateral proceeding may be deficient for other reasons.").

Furthermore, the alleged jury charge error and its absence from the appeal were apparent in the record at the time Davila filed his original habeas application. *See* Brief of Appellant filed June 28, 2010, ECF No. 14; Original 11.071 Application for Habeas Relief filed Aug. 29, 2011. The IAAC claim would therefore be barred if Davila attempted to present it in a subsequent writ application in state court. *See* Tex. Code Crim. Proc. Ann. art. 11.071, § 5 (West 2014) (stating that a Texas court may not consider a subsequent application unless the legal or factual issues were unavailable at the time the previous application was filed or but for a violation of the Constitution, no rational juror could have found the applicant guilty or voted in favor of a death sentence). Davila's claim is, therefore, barred in federal court. *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (holding that procedural default occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred).

Davila makes no argument to surmount the Texas subsequent writ bar in article 11.071. Furthermore, the Texas Court of Criminal Appeals does not recognize an exception to the subsequent writ bar based on the ineffectiveness of state habeas counsel. *See, e.g., Ex Parte Diaz*, No. WR-55850-02, 2013 WL 5424971 (Tex. Crim. App. Sept. 23, 2013); *Ex parte McCarthy*, No. WR-50360-04, 2013 WL 3283148 (Tex. Crim. App. June 24, 2013). Procedurally barred claims are "plainly meritless," and abeyance would be futile. *Neville*, 423 F.3d at 480. For these reasons, the Court denies the request for a stay and abeyance with respect to claim 3, the IAAC claim.

### III. The IATC Claim (Claims 2, 4)

Davila asserts in claim 2 that the state habeas court unreasonably rejected on the merits his claim that trial counsel rendered ineffective assistance at sentencing under *Wiggins v. Smith,* 539 U.S.

4

510 (2003). Amended Petition at 45-79. In claim 4, he contends state habeas counsel provided ineffective assistance because he failed to subpoena live witnesses other than his investigator for the state court hearing on claim 2 and had only a passing familiarity with the facts. Amended Petition at 91-102. He seeks an abeyance to present "claim 4, related to his trial counsel's ineffectiveness, to the Texas Courts." Motion at 6.

As Respondent points out, the IATC claim is already exhausted and not defaulted. Thus, the abeyance procedure in *Rhines* is not appropriate. Furthermore, as noted above, *Martinez* and *Trevino* together permit the ineffective assistance of state habeas counsel to excuse a *procedural bar* in federal habeas court. *Trevino*, 133 S. Ct. at 1921 (citing *Martinez*, 132 S. Ct. at 1320). There is no procedural bar asserted in response to the IATC claim. Davila may not use *Martinez* to leverage a stay and abeyance for a claim that has already been litigated in state court. *See, e.g., Brown v. Thaler*, 684 F.3d 482, 489, n.4 (5th Cir. 2012); *Laws v. Stephens*, 536 F. App'x 409, 415, n.10 (5th Cir. 2013).

The Court **DENIES** the requested stay and abeyance (ECF No. 18).

**SO ORDERED** on this 10th day of November, 2014.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**