# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **ERICK DANIEL DAVILA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **Civil Action No. 4:13-CV-506-O** |
| | § | **(death-penalty case)** |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Jus-** | § | |
| **tice, Correctional Institutions** | § | |
| **Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR HEARING WITHOUT PREJUDICE

On May 21, 2014, Davila filed an Opposed Motion for Hearing in this federal habeas proceeding. Motion, ECF No. 20. Davila asks the Court to grant an evidentiary hearing in connection with Claims 3 and 4 of his Amended Petition, on the issue of whether any procedural default can be excused on the grounds of ineffective assistance of counsel, rendered either on direct appeal or in state habeas proceedings.[1] Respondent asserts that a hearing is inappropriate because Claim 3 may be denied on the merits on the existing record and because the allegations against trial counsel discussed in claim 4 are not defaulted. Answer at 63, 66-67, ECF No. 29.

## I. Factual Background

Davila asserts multiple, derivative claims of ineffective assistance of counsel at trial ("IATC"), on appeal ("IAAC"), and in state habeas proceedings ("IAHC"). Claim 3 asserts that appellate counsel

---

[1] Davila also asserts that a hearing is relevant to whether or not cause and prejudice has been established for his "Motion to Stay and Abet," ECF No. 18. The Court does not specifically address this assertion here because the Court has denied the stay and abeyance in a separate order.

rendered ineffective assistance when she overlooked jury charge error on appeal.  Amended Petition at 80-90, ECF No. 17.  Claim 4 asserts that state habeas counsel rendered ineffective assistance by, among other things, failing to adequately litigate an IATC claim against trial counsel under *Wiggins*.[2] Amended Petition at 91-102.

Davila's argument assumes that the IAAC claim (Claim 3) is unexhausted and procedurally barred.  Reply at 20, ECF No. 33.  And he does not dispute that the IATC claims discussed in Claim 4 were adjudicated against him on the merits (albeit unreasonably, he alleges).  Reply at 9.  After reading Davila's motion for hearing in conjunction with his Amended Petition, his Reply, and his "Opposed Motion to Stay and Abet," the Court understands Davila to assert that (1) the procedural default of the IAAC claim may be excused by showing the ineffective representation of counsel on appeal or during state habeas proceedings, and (2) the Court may disregard the state court's adjudication of the IATC claim and relitigate the claim if Davila can show pursuant to *Martinez* that state habeas counsel was ineffective in his litigation of the claim.  It appears Davila may have retracted this latter assertion in his Reply, however, the Court will address it out of an abundance of caution, since the motion specifically references the IATC allegations underlying Claim 4.  Reply at 25; Motion at 2.

## II.  Applicable law

The Court's analysis begins with the federal habeas statute.  Under 28 U.S.C. § 2254(e),  an evidentiary hearing is prohibited on any claim for which the petitioner "failed to develop" the factual basis in state court unless the applicant shows that--

(A) the claim relies on–

---

[2] *Wiggins v. Smith*, 539 U.S. 510 (2003).

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

See 28 U.S.C. § 2254(e)(2).

If section 2254(e)(2) does not bar a hearing, either because petitioner was diligent in state court or because he meets the requirements above, then "the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). In exercising that discretion, the federal court considers whether a hearing "could enable an applicant to prove the petitioner's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id*. at 474. When the record refutes the factual allegations or otherwise precludes habeas relief, no evidentiary hearing is required. *Id*.

### III. Analysis of Claim 3 (IAAC)

Under section 2254(b), a federal court may not grant habeas relief unless the petitioner has first exhausted state remedies with respect to the claim at issue. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The IAAC claim (Claim 3) was not presented in state court. Under these circumstances, a procedural default occurs when "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Because the alleged jury charge error and its absence from the appeal was apparent on the record when the original habeas application was filed, the Texas subsequent writ bar would prevent Davila from presenting the IAAC claim now in state

3

court.  *See* Tex. Code Crim. Proc. Ann. art. 11.071, § 5 (West 2014) (providing that Texas courts may not consider a subsequent application unless the legal or factual issues were unavailable at the time the previous application was filed, or but for a violation of the Constitution, no rational juror could have found the applicant guilty or voted in favor of a death sentence).

A petitioner may overcome the federal bar by showing either (1) cause for the procedural bar and actual prejudice as a result of the violation of federal law or (2) that failure to consider the claim will result in a fundamental miscarriage of justice.  *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000).  For substantial claims of ineffective assistance of trial counsel, the ineffective assistance of state habeas counsel may also excuse the procedural bar.  *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

Davila asks the Court to extend the holding in *Trevino* and *Martinez* to excuse his procedural default of the IAAC claim where appellate counsel or state habeas counsel has been ineffective.  The ineffective assistance of *appellate* counsel cannot, however, excuse the procedural default of a claim of ineffective assistance of *appellate* counsel, since claims against appellate counsel that do not yet exist are not logically raised in the direct appeal itself.  Davila appears to concede this in his Reply.  Reply at 22 ("It seems impossible that a direct appeal attorney would allege himself ineffective for failing to raise a claim.").  Furthermore, the precedent in this Circuit does not permit the ineffective assistance of state habeas counsel to excuse the procedural default of IAAC claims.  Davila argues that this would be a logical extension of *Martinez* because IAAC claims, like IATC claims, can only be raised for the first time in collateral proceedings.  Neither the Supreme Court nor the Fifth Circuit has expanded *Martinez* to include this scenario, however.  *See, e.g., Tabler v. Stephens*, __ F. App'x __, 2014 WL 4954294, at * 7  (5th Cir. Oct. 3, 2014) (rejecting notion that *Martinez* excuses procedural

4

default of attorney error on direct appeal because Supreme Court was clear that the *Martinez* exception "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial review collateral proceeding may be deficient for other reasons."). The Ninth Circuit opinion that Davila cites for support has been specifically acknowledged by the Fifth Circuit and not adopted. *See Reed v. Stephens*, 739 F.3d 753, 778 n.16 (5th Cir. 2014) (acknowledging *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013)). Because the IAAC claim appears to be procedurally barred and *Martinez* does not provide an avenue for excusing the procedural default, Davila fails to demonstrate that there are facts which, if true, would entitle him to relief. The Court denies the request for a hearing on Claim 3, the IAAC claim.

### III.   Analysis of Claim 4 (IATC)

The IATC claim discussed in Claim 4 was adjudicated on the merits in state court. Section 2254(d) bars relitigation of the claim unless the state court adjudication is "contrary to" federal law then clearly established in the holdings of the Supreme Court or "involved an unreasonable application of" such law, or "is based on an unreasonable determination of the facts" in light of the record before the state court. *See Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). This determination is limited to the record that was before the state court that adjudicated the claim on the merits. § 2254(d)(1)-(2); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Because Davila's IATC claim was adjudicated on the merits, the Court denies a hearing on this claim unless and until it determines that the state court adjudication was unreasonable based on the record that was before the state court. *See Pinholster*, 131 S. Ct. at 1399; *e.g., Morris v. Thaler*, 425 F. App'x 415, 422 n.1 (5th Cir. 2011) (remanding for hearing in district court after concluding

that state court determination was unreasonable).  In the event the Court determines that the state court adjudication was unreasonable, the Court will *sua sponte* consider whether a hearing would be appropriate under § 2254(e) and would enable Davila to prove factual allegations which, if true, would entitle him to federal habeas relief.  *See Schriro*, 550 U.S. at 474.  Davila need not file another motion for hearing.

The Court **DENIES WITHOUT PREJUDICE** Davila's Opposed Motion for Hearing (ECF No. 20).

**SO ORDERED** on this 10th day of November, 2014.


_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**